# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

COREY LEA,

    Petitioner,

v.

UNITED STATES DEPARTMENT
OF AGRICULTURE, et al.,

    Respondents.

Case No. 16-00735
Hon. Terrence G. Berg
Hon. Alistair E. Newbern

**OPINION AND ORDER OVERRULING PETITIONER'S OBJECTIONS (DKT. 34), ADOPTING REPORT AND RECOMMENDATION (DKT. 33) AND DENYING PLAINTIFF'S PENDING MOTIONS (DKTS. 31, 32) AS <u>MOOT</u>**

## I. Introduction

This case challenges the United States Department of Agriculture's ("USDA") alleged failure to protect Petitioner from foreclosure by a private bank that held 90% of the mortgage on Petitioner's property. Petitioner, Cory Lea ("Petitioner" or "Lea") maintains the USDA violated the 2008 farm bill legislation by not enforcing a foreclosure moratorium to halt proceedings instituted against him. Lea filed a petition under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, related to (1) the USDA's "fail[ure] [to] act on

[t]he 2008 Farm Bill and the [foreclosure] moratorium relief it provided in 7 C.F.R 766.358" for borrowers, and (2) "an accepted discrimination complaint still unresolved [at] the USDA's Office of Civil Rights." Dkt. 1, Pg. ID 2, ¶ 1-2.

Respondent USDA filed a motion to dismiss, Dkt. 22, to which Petitioner responded in opposition. Dkt. 23. Pending before the Court is Magistrate Judge Alistair E. Newbern's Report and Recommendation ("R&R"), which recommends the Court grant Defendants' Motion to Dismiss, dismiss the Petition, and deny Lea's additional pending motions as moot. *See* Dkt. 33. Lea filed Objections to the Magistrate's R&R. Dkt. 34.

For the reasons outlined below, Petitioner's objections are **OVERRULED**; the R&R is **ADOPTED**; Defendants' motion to dismiss is **GRANTED**; and Plaintiff's Motions (Dkts. 31 and 32) are **DENIED AS MOOT**.

## II. Background

The relevant facts in this case were summarized in Magistrate Judge Newbern's R&R, and those facts are adopted for purposes of this order. *See* Dkt. 33, Pg. IDs 215-20.

## III. Standard of Review

Any party may object to and seek review of an R&R, but must act within fourteen days of service of the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file specific objections

constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Filing objections that raise some issues but fail to raise others with specificity will not preserve all objections a party has to an R&R. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991). The district court must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(c).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 606, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific ob-

jections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (alterations added).

IV. **Analysis**

The gravamen of Lea's complaint is that "the [USDA] and the secretary failed to enforce its own rules and regulations and an Act of Congress that provided moratorium relief against foreclosure until a hearing on the merits by the Administrative Law Judge." Dkt. 1, Pg. ID 6. The statute at issue provides a moratorium under certain circumstances on foreclosure proceedings "instituted by the Department of Agriculture." *See* 7 U.S.C.A. § 1981a(b)(1). However, in this case the foreclosure proceedings were instituted by a private bank, and this is the foreclosure that Lea believes the USDA should have halted with a moratorium. *See, e.g.,* Dkt. 1, Pg. ID 4.

Magistrate Judge Newbern's R&R recommends the dismissal of Lea's petition for two independent reasons. First, the report finds venue for this action is not proper in the United States District

Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(e)(1). Moreover, rather than transfer Lea's action to the Western District of Kentucky, the R&R recommends dismissal because "transferring this matter would not serve the interests of justice" and "dismissal is the appropriate result," pursuant to 28 U.S.C. § 1406(a). Dkt. 33, Pg. IDs 222-23.

Second, even if venue were proper in the Middle District of Tennessee, the R&R recommends dismissal because Lea's petition: 1) is frivolous and therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i), and 2) fails to state a claim upon which relief may be granted under the Administrative Procedures Act, permitting dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). Dkt. 33, Pg. IDs 223-25.

### A. Objections Addressing Improper Venue

Lea's objections to the R&R are largely non-specific and summary in nature. However, it appears that Lea objects to the R&R's recommendation of dismissal for improper venue. Lea's objection states:

> The Magistrate goes on at length about improper venue due the fact that the events occurred in Kentucky. It appears that the Magistrate has confused a complaint for money and a judicial review for non monetary damages. The denial of a formal hearing on the merits constitutes a final agency action which is controlled by: **§ 11.13 Judicial review.**

5

> **(a)** A final determination of the <u>Division</u> shall be reviewable and enforceable by any <u>United States</u> District Court of competent jurisdiction in accordance with chapter 7 of title 5, <u>United States</u> Code.
>
> It appears that the Magistrate confuses the parts of the APA, in which in the instant case, the petitioner is compelling the named Secretary of Agriculture to grant him his right to have a hearing before the administrative law judge. . . . However, the Magistrate commits a clear error in law when she cites the jurisdiction of the Court's jurisdiction under 1391(e)(1)[.]

Dkt. 34, Pg. IDs 227-29 (emphasis in original).

Lea argues that the R&R errs by recommending dismissal for improper venue because the Court has jurisdiction to hear his case. Lea relies on 7 C.F.R. § 11.13, which states: "A final determination of the Division [USDA] shall be reviewable and enforceable by any United States district court of competent jurisdiction in accordance with chapter 7 of title 5." 7 C.F.R. § 11.13. Lea argues that because 7 C.F.R § 11.13 provides jurisdiction for any district court to review and enforce determinations by the USDA, that regulation also establishes *venue* as proper in any district court anywhere in the United States. The court disagrees.

The regulation at issue, 7 C.F.R. § 11.13, is authorized under the United States Code, 7 U.S.C. § 6999. Section 6999 is a jurisdictional statute that provides for judicial review of final determinations by the National Appeals Division of the USDA before a United States District Court. *See Deaf Smith County Grain Processors, Inc.*

6

*v. Glickman,* 162 F.3d 1206, 1210 (D.C. Cir. 1998) ("It has long been settled that the federal Government may be sued in federal court only if Congress has waived sovereign immunity for the lawsuit . . . The District Court's jurisdiction over this case is founded on Congress's waiver of sovereign immunity in 7 U.S.C. § 6999."); *see also Lackey v. United States Department of Agriculture*, No. CIV-07-484-C, 2007 WL 9662594, at *1-2 (W.D. Okla. Aug. 24, 2007) (citing *Glickman*, 162 F.3d at 1210).

Lea's objection to the R&R based on 7 C.F.R. § 11.13 and 7 U.S.C. § 6999 is not well-taken. Section 6999 confers jurisdiction on the United States District Courts to review and enforce final determinations of the USDA. *See* 7 U.S.C. § 6999. The R&R does not dispute that federal courts are empowered to review and enforce USDA determinations. *See* Dkt. 33, Pg. IDs 221-23. While Section 6999 provides a jurisdictional grant to district courts to review cases such as Lea's, venue is a separate requirement and it is governed by 28 U.S.C. § 1391(e). "Jurisdiction" answers the question of what kinds of cases a court is legally allowed to hear—and federal district courts can hear appeals of USDA determinations. "Venue" answers the question of "where," or rather, which court (located in what place) is the correct one to hear the case. Not every court is the proper place, or "venue," to bring every case. The federal statutes governing venue for this kind of case, and how to deal with

7

cases that are filed in the wrong place, are § 1391(e)(1) and § 1406(a).

Applying these two statutes, the Magistrate Judge recommends dismissal for improper venue. Dkt. 33, Pg. IDs 221-23. Lea's objections do not address the applicability of these venue statutes. In particular, the Magistrate Judge correctly pointed out that under § 1391(e)(1):

> In an action brought against an agency or officer of the United States, venue is proper in the district in which a defendant resides, a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated," or "the plaintiff resides if no real property is involved in the action."

*Id.* at 221. Lea does not set forth any facts contradicting the Magistrate Judge's conclusion that venue was proper "in the Western District of Kentucky, where the real property that is the subject of this action is situated." *Id.* at 222. Thus, in reviewing the R&R's recommendation of dismissal for improper venue and Lea's objections, the Court finds Lea's objection is not well founded. The Court therefore adopts the R&R's recommendation of dismissal for improper venue.

### B. Objections Regarding Failure to State a Claim

The R&R also recommends dismissal for the independent reason that Lea's complaint fails to state a claim under the Administrative Procedures Act. Dkt. 33, Pg. IDs 223-25. The R&R explains

that the statute upon which the merits of Lea's action are based—
7 U.S.C. § 1981a(b)(1)—provides for moratorium relief, in certain
circumstances, from foreclosure proceedings that are "instituted by
the Department of Agriculture." Dkt 33, Pg. ID 223-24 (citing
7 U.S.C. § 1981a(b)(1)). The R&R also notes Lea's concession that
in this situation, his foreclosure was initiated by a private bank. *Id.*
(internal citations omitted). Thus, the report explains, Lea has not
alleged a legal wrong under the APA. *Id.* at 224. That is because
claims based on an alleged failure by the USDA to enact a moratorium on foreclosures that were *not* instituted by the USDA do not
find relief in § 1981a(b)(1).

Lea's objections fail to specify which findings regarding the recommendation of dismissal for failure to state a claim he believes are in error. Although Lea's objections to the R&R include a section entitled "Failure to State a Claim," they do not explain what exactly the Magistrate Judge got wrong. Rather, they simply articulate a disagreement with the Magistrate Judge's determination without specifying the source of the alleged error. Thus, this section contains no valid objections. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509. (6th Cir. 1991).

Having reviewed the R&R, and for the reasons explained above, the Court adopts the recommendation of dismissal for failure to state a claim under the APA.

### C. Objections Regarding An Alleged Res Judicata Determination

Lea also objects to the R&R because he believes it improperly dismissed his claims under the doctrine of *res judicata*. *See* Dkt. 34, Pg. IDs 231-35. However, the R&R contains no such finding of res judicata. Instead, after noting the history of Lea's many claims in the Eastern District of Kentucky and the United States Court of Federal Claims—all arising from the same set of facts—the R&R states that "[t]he similarity of Lea's many actions and the timing of his filing in this Court show that this lawsuit does not have a proper purpose and must be dismissed as frivolous under [28 U.S.C.] § 1915(e)(2)(B)(i) and for failure to state a claim under § 1915(e)(2)(B)(ii)." Dkt. 33 Pg. ID 224-25.

Courts may deem complaints factually or legally frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that courts may dismiss a complaint not only when it is "based on an indisputably meritless legal theory" but also when the "factual contentions [on which it relies] are clearly baseless")). In this case, the R&R recommends dismissal for failure to state a legal claim pursuant to the APA, and also for factual frivolity, evidenced by the plethora of

actions brought by Lea in the Eastern District of Kentucky and the Court of Federal Claims based on the same set of alleged injuries and the same set of facts. Dkt. 33. This is not a finding that Lea's claims are barred under the doctrine of res judicata. Lea's objections do not undermine the reasoning set forth in the R&R in support of dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Consequently, the Court concludes that plaintiff's objections thereto are not well taken and the recommendation should be adopted.

### D. Lea's Remaining Arguments

Lea's objections also contain a request for "Relief in the nature of mandamus," where Lea cites to 28 U.S.C. § 1361 for the first time. Dkt. 33, Pg. ID 235. Lea also requests that the case be "transferred to The District of Columbia," alleging that he "has real concerns and beliefs that Magistrate New Bern [*sic*] has a causal [*sic*] connection with . . . [two individuals who] sit on the board of the private bank that foreclosed on" Lea's property. Dkt. 34, Pg. IDs 233-35.

To the extent these arguments may be construed as objections, they fail to challenge any finding or conclusion in the R&R. These are essentially new claims that were not included in his complaint. The Court will not consider new factual assertions or claims made for the first time in post-R&R objections. *See Murr v. United States,* 200 F.3d 895, 901 n. 1 (6th Cir. 2000) (parties not generally

permitted to raise new arguments or claims before the district court that were not presented to the magistrate judge).

## V. Conclusion

Having reviewed the R&R (Dkt. 33) and Plaintiff's objections (Dkt. 34), the Court **OVERRULES** Plaintiff's objections; the Report and Recommendation is **ADOPTED**; Defendants' motion to dismiss (Dkt. 22) is **GRANTED**; and the case is **DISMISSED**. Because the Court must dismiss the case, all other pending motions (Dkts. 31 and 32) are **DENIED AS MOOT**.

**SO ORDERED.**

Dated: February 6, 2018    s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE
Sitting by special designation

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on February 6, 2018.

s/J. Owens
Case Manager